UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS R. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:08-cv-0033 |
| v. ) | Judge Trauger / Knowles |
| ) | Jury Demand |
| JACKSON COUNTY SHERIFF'S ) | |
| DEPARTMENT, J.D. MASTERS, and ) | |
| TABITHA MASTERS, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendants' Motion for Summary Judgment. Docket Entry No. 21. Along with that Motion, Defendants have contemporaneously filed a supporting Memorandum of Law (Docket Entry No. 21-1) and a Statement of Undisputed Material Facts (Docket Entry No. 21-2).

Plaintiff has not responded to Defendants' Motion.

Plaintiff filed this pro se, in forma pauperis, action alleging that he was served cold food and stale bread while he was incarcerated at the Jackson County Jail ("Jail"), that the Jail lacked a disciplinary board, that the Jail lacked a grievance procedure, that he was denied access to the Jail's law library, and that the Jail provided substandard, overcrowded, and unsanitary housing for him. Docket Entry No. 1. Plaintiff sues Sheriff Kenneth Bean in his official capacity, Jail Administrator J.D. Masters in his official and individual capacity, Assistant Jail Administrator

1

Tabitha Masters in her official and individual capacity, Shift Leader Sergeant Ernie Gillihan in his official capacity, Corrections Officer Derek Dishman in his official and individual capacity, and Corrections Officer Chris Carter in his official and individual capacity. *Id.* Plaintiff seeks food that is served at "appropriate temperatures," the creation of a disciplinary board and grievance system, access to the law library, and/or to be moved to a different facility. *Id.*

Defendants filed their Answer on July 1, 2008, denying liability and asserting numerous affirmative defenses. Docket Entry No. 18.

As noted, Defendants filed the pending Motion and supporting materials on February 3, 2009. Docket Entry Nos. 21, 21-1, 21-2. Defendants argue that: 1) Plaintiff is not entitled to any injunctive relieve because he is no longer an inmate at the Jackson County Jail; 2) the Jackson County Sheriff's Department is not a legal entity capable of being sued; 3) Defendants J.D. Masters, Tabitha Masters, Derek Dishman, and Chris Carter should be dismissed in their individual capacities based on qualified immunity; and 4) the individual Defendants should be dismissed in their official capacities because a suit against them in their official capacities is the equivalent of a suit against Jackson County, which cannot be held liable under a theory of respondeat superior, and Plaintiff has not alleged a direct causal link between any Jackson County policy, practice, or custom and any alleged constitutional deprivation. *Id.*

For the reasons set forth below, the undersigned concludes that, viewing all the facts and inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and Defendants are entitled to a judgment as a matter of law. The undersigned therefore recommends that Defendants' Motion for Summary Judgment be GRANTED.

2

## II. Undisputed Facts[1]

At the time Plaintiff filed his Complaint on April 8, 2008, he was incarcerated at the Jackson County Jail. Plaintiff has subsequently been transferred to the Northeast Annex and is no longer an inmate at the Jackson County Jail.

## III. Analysis

### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than ten (10) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty (20) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendants filed the pending Motion on February 3, 2009. Docket Entry No. 21. Plaintiff has failed to respond to Defendants' Motion. Pursuant to Local Rule 7.01(b), Plaintiff's failure to file a timely response "indicate[s] that there is no opposition to the motion."

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
>
> . . .

---

[1] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

3

> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has likewise failed to respond to Defendants' Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no disputed facts in the case at bar. Because this case presents no disputed facts, there is no genuine issue as to any material fact, and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

## B.  Motion for Summary Judgment

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

4

entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## C. The Case At Bar

As an initial matter, it is undisputed that Plaintiff has been moved to Northeast Annex

and is no longer incarcerated at the Jackson County Jail. Docket Entry Nos. 17, 21-2. Because Plaintiff is no longer incarcerated at the Jackson County Jail, Plaintiff's claims for injunctive relief to remedy the alleged Jackson County Jail deficiencies are moot, and Defendants are entitled to a judgment as a matter of law with regard to these claims. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Defendants are also correct that the Jackson County Sheriff's Department is not a separate legal entity capable of being sued, but rather, is department of Jackson County. *See* Tenn. Const. Of 1870, Art. VII, § 1; *see also Matthew v. Jones*, 35 F.3d 1046 (6th Cir. 1994); *Barrett v. Wallace*, 107 F.Supp.2d 949 (S.D. Ohio 2000). Because the Jackson County Sheriff's Department is not an entity capable of being sued, it is entitled to a judgment as a matter of law and should be dismissed.

Plaintiff's individual capacity claims against Defendants J.D. Masters, Tabitha Masters, and Chris Carter are based upon their lack of response to grievances allegedly filed by Plaintiff, or based upon the lack of response to grievances allegedly filed by Plaintiff by other officers under their supervision.[2] Because there is no inherent constitutional right to an effective grievance procedure, improper handling of Plaintiff's grievances does not amount to a constitutional violation for which there can arise individual or supervisory liability. *Argue v. Hofmeyer*, 80 Fed.Appx. 427, 430 (6th Cir. 2003). Accordingly, these Defendants are entitled to a judgment as a matter of law with respect to their individual capacity claims.

Plaintiff's claim against Defendant Dishman is that Defendant Dishman allegedly told

---

[2]Plaintiff did not attach copies of his grievances to his Complaint because he avers that Defendants threw his grievances away, leaving him with no record of his filing grievances. Docket Entry No. 1.

6

him that he did not have to grant Plaintiff access to a law library. Although Plaintiff does have a right to access a law library in order to access the courts, he must also allege that he suffered an actual injury resulting from his denial to access of the law library, such as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis v. Casey*, 518 U.S. 343, 349-352 (1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff has neither alleged, nor demonstrated, that he suffered any adverse consequences of allegedly being denied access to the law library on one occasion. Accordingly, Plaintiff's individual capacity claim against Defendant Dishman should be dismissed.

With regard to Plaintiff's claims against the individual Defendants in their official capacities, Defendants, as employees of Jackson County, stand in the shoes of the entity they represent. *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994). As such, a suit against them is the equivalent of a suit against Jackson County. *Id.* Jackson County, as a municipality, cannot be held liable on the basis of respondeat superior. *Monell v. Dept of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996). In order for Jackson County to be held liable, Plaintiff must allege that an official policy or custom was the "moving force of the constitutional violation." *Id.* Plaintiff must therefore demonstrate a causal link between the policy or custom complained of and the constitutional deprivation. *Id.*

Plaintiff has failed to demonstrate that he suffered an underlying constitutional violation. Because he has not demonstrated that his constitutional rights have been violated, he cannot demonstrate that a policy, practice, or custom violated his rights. Without this nexus, Plaintiff's claims fail as a matter of law.

7

## IV. Conclusion

For the foregoing reasons, the undersigned concludes that, after viewing all the facts and inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law. The undersigned therefore recommends that Defendants' Motion for Summary Judgment be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

8